## WACO *v.* UNITED STATES FIDELITY & GUARANTY CO. ET. AL.

No. 5. Argued October 9, 1934.—Decided November 5, 1934.

*Mr. John McGlasson*, with whom *Mr. J. Walter Cocke* was on the brief, for petitioner.

*Mr. G. B. Rogers*, with whom *Mr. Tom P. Scott* was on the brief, for respondents.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

Curtis Boggs, a citizen of Texas, brought suit in a state court against Combs & Glade, contractors, citizens of Texas, and the City of Waco, Texas, for damages asserted to have been caused by collision with a street obstruction. The City by cross-action vouched in the Fidelity Company, respondent, a citizen of Maryland, surety on a bond of Combs & Glade, alleging that company was liable under the bond to pay whatever amount might be adjudged due by the City by reason of the fault of the contractors. The City prayed that if, upon the trial, the plaintiff should recover against it, judgment over should be rendered against the company for a like amount. The company removed the cause to the federal court on the ground that as to it a separable controversy existed.

The plaintiff, after removal, presented a motion in the District Court in which he asserted that no separable controversy existed, since the Fidelity Company was not an original party, but was brought into the case by cross-complaint; that the company was improperly joined under state law and such joinder could not give the fed-

eral court jurisdiction; that the cross-action and the removal proceeding were collusively filed to deprive the state court of jurisdiction; that no separable controversy was presented, as the cause of action set up by the cross-complaint could not proceed to trial separately from the main action, but was ancillary thereto, judgment against Combs & Glade being a prerequisite to any judgment against the company. The prayer was " that this entire cause be remanded to the said State Court of the State of Texas, and in the alternative that the suit of this plaintiff against the defendants Combs and Glade and the City of Waco be remanded to said court, and also in the alternative that the suit as against the United States Fidelity and Guaranty Company by the City of Waco, as evidenced by the cross complaint of the City of Waco, be dismissed and the balance of this action be remanded to the said State Court."

The District Court entered a single decree embodying three separate orders. First, being of the opinion that the record presented a separable controversy between the City and the Fidelity Company, it overruled the motion to remand. Secondly, reciting that the motion to dismiss the cross-complaint had come on to be heard, it found that as to the plaintiff's cause of action the Fidelity Company was an unnecessary and improper party, and granted the motion. Thirdly, since, upon that dismissal, there was no diversity of citizenship of the remaining parties, the court held it lacked jurisdiction, and remanded the cause to the state court.

The City appealed, not from the order of remand, but from that dismissing its action against the Fidelity Company, alleging this was contrary to the law of Texas. The Circuit Court of Appeals dismissed the appeal, holding that, as no appeal lies from an order of remand, the cause was irrevocably out of the District Court, the action of that court in dismissing the city's cross-action was

moot, and its propriety could not be reviewed. The petitioner complains that this action leaves it in an anomalous position, for, whereas the Circuit Court in its opinion states, " the City by cross action, as permitted by the Texas practice," vouched in the Fidelity Company, the order of dismissal of the cross-action is outstanding, with the result that in the further proceedings in the state court, the District Court's order will be treated as conclusive upon the question of the City's right to maintain its cross-action. Evidently this result was not intended by the Circuit Court of Appeals. In its opinion it says: " all matters concerning the entire controversy, both those presented by the cross bill, and those presented by the main suit are now, because of the remand, pending in the State court and for its action, unaffected by the attempt of the Federal court to dismiss the City's cross action . . ."

The record contradicts this statement. If the District Court's order stands, the cross-action will be no part of the case which is remanded to the state court. Indeed, if the District Court was right, the cause could not have been remanded except for the exclusion of the Fidelity Company as a party. True, no appeal lies from the order of remand; but in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause. Indisputably this order is the subject of an appeal; and, if not reversed or set aside, is conclusive upon the petitioner.

We are of opinion that the petitioner was entitled to have the Circuit Court of Appeals determine whether the dismissal of its cross-action against the Fidelity Company was proper. If the District Court erred on this point, which we do not decide, its action should be reversed. A reversal cannot affect the order of remand, but it will at least, if the dismissal of the petitioner's complaint was erroneous, remit the entire controversy, with the Fidelity

144

Company still a party, to the state court for such further proceedings as may be in accordance with law.

The judgment of the Circuit Court is reversed and the cause remanded to that court with instructions to reinstate the appeal and to proceed therein in conformity with law.

*Reversed.*