**WASHINGTON SUBURBAN SANITARY COMMISSION, a Public Corporation, Plaintiff–Appellee,**

v.

**CRS/SIRRINE, INC.; CRS/Sirrine of Illinois, Inc., formerly known as The CRS Group of Engineers, Inc.; Arthur Peter Chase, P.E.; James Monsees, P.E., Defendants–Appellants.**

No. 89–2808.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1990.

Decided Oct. 31, 1990.

Michele L. Odorizzi, argued (Hugh R. McCombs, Jr., Mayer, Brown & Platt, Chicago, Ill., Kerry Edwards Cormier, Mayer, Brown & Platt, Washington, D.C., on brief), for defendants-appellants.

Gerard Patrick Martin, argued (William S. Liebman, Kerry C. Williams, Miles & Stockbridge, Baltimore, Md., Nathan J. Greenbaum, Gen. Counsel, Washington Suburban Sanitary Com'n, Hyattsville, Md.), for plaintiff-appellee.

Before WIDENER, Circuit Judge, YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation, and McMILLAN, Senior United States District Judge for the Western District of North Carolina, sitting by designation.

WIDENER, Circuit Judge:

CRS/Sirrine, Inc. (CRS), CRS/Sirrine of Illinois (CRS of Illinois), Arthur P. Chase, and James E. Monsees appeal from the district court's order remanding this case to the state court in Maryland. We are of opinion that the district court's order is not reviewable under 28 U.S.C. § 1447(d), and we dismiss the appeal.

On April 21, 1989, the Washington Suburban Sanitary Commission (Commission) filed a complaint[1] against CRS and CRS of Illinois in the Circuit Court of Montgomery County, Maryland. The defendants removed the complaint to the district court pursuant to 28 U.S.C. § 1441(a), based on diversity jurisdiction. After the case was removed, the district court permitted the Commission to file an amended complaint adding as defendants Arthur P. Chase and James E. Monsees.[2] Chase is a citizen of Maryland which destroyed complete diversity and diversity jurisdiction.[3] The district court accordingly remanded the case to the state court. The defendants filed a timely notice of appeal.

Title 28 U.S.C. § 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In this instance, the district court, in permitting joinder and remanding the action, acted in accordance with the express terms of § 1447(e). Title 28 U.S.C. § 1447(d) provides that, with the exception of civil rights cases removed under 28 U.S.C. § 1443, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." The Supreme Court has interpreted § 1447(d) not to prohibit review by mandamus of remand orders which are "entered on grounds not provided by the statute." *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 350, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976). In *Thermtron,* the district court remanded a case because of its crowded docket. The Supreme Court held that the district court exceeded its authority by remanding on grounds not

---

1. The complaint sought 200,000,000 dollars in damages relating to alleged breaches of duty in connection with a major water project that the defendants had completed for the Commission.

2. The two were the engineers who allegedly prepared the plans and specifications for the water project. We note that the two are very much real parties and there is no claim that the two are not proper parties to be sued.

3. The Commission is a citizen of Maryland.

permitted by the controlling statute. Similarly, in *Kolibash v. Committee on Legal Ethics of W. Va. Bar,* 872 F.2d 571 (4th Cir.1989), we held that § 1447(d) did not prevent our review by appeal of the district court's remand when it remanded because of West Virginia's interest in regulating members of its bar. Unlike either *Thermtron* or *Kolibash,* the district court in this case remanded on a ground expressly provided for in § 1447. We are of opinion that the clear language of § 1447(d) prevents review of the district court's remand order.[4]

Likewise, we must reject the defendant's alternative position that we should grant mandamus. As the Supreme Court has stated, when a district court remands a case on grounds contained in the statute "his order is not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise."[5] *Thermtron,* 423 U.S. at 343, 96 S.Ct. at 589.

Accordingly, the appeal is

DISMISSED.

---

**4.** Nor are we persuaded by the defendant's citation to *City of Waco v. United States Fidelity & Guar. Co.,* 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934). In *Waco,* the district court dismissed a cross complaint of the City of Waco against the Fidelity Company. Such an order would have forever barred Waco's substantive claims against that party. *Waco,* 293 U.S. at 142–43, 55 S.Ct. at 7. Waco appealed the dismissal against the Fidelity Company—not the order of remand. *Waco,* 293 U.S. at 142, 55 S.Ct. at 7. Unlike the action of the district court in *Waco,* the district court here did not reach an issue which resulted in substantive issues being later barred. It merely, as expressly authorized by § 1447(e), permitted joinder of a party and remanded to the state court.

**5.** We note that much of the language in *Thermtron* is cast in terms of the grounds given for remand in § 1447(c). Section 1447(e) was not added to § 1447 by Congress until 1988. We fail to see any reason to treat the grounds for remand authorized by § 1447(e) in a different way than the Supreme Court treated the grounds authorized in § 1447(c). Our opinion is reinforced by the policy behind the Congressional decision to limit review of remand orders. In the words of the Supreme Court, "[t]here is no doubt that in order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues, ... Congress immunized from all forms of appellate review any remand order issued on the grounds specified" in the statute. *Thermtron,* 423 U.S. at 351, 96 S.Ct. at 593 (citation deleted). It seems to us that the interest in preventing delay is the same whether the remand is based on the grounds authorized in § 1447(c) or based on grounds authorized in § 1447(e).