**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

FRANCIS J. BRAZAS, JR.,

      Plaintiff-Appellant,

v.

BERNALILLO COUNTY BOARD OF
COMMISSIONERS, EX REL.;
BERNALILLO COUNTY SHERIFF'S
DEPARTMENT,

      Defendants-Appellees.

No. 98-2244
(D.C. No. CIV-97-1137JC/RLP)
(D. N.M.)

---

ORDER AND JUDGMENT *

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Francis J. Brazas, Jr. appeals the district court's order entering summary judgment in favor of defendants on his claims that they terminated his employment and retaliated against him in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. Defendants have filed a motion to dismiss the appeal. We deny the motion and affirm the judgment.

Defendants' motion to dismiss asserts that the district court's judgment is not final and appealable because it disposed of only two of plaintiff's three claims, remanding the third, state law claim to the state court. The dismissal and remand order rendered all claims final and appealable. See City of Waco v. United States Fidelity & Guar. Co., 293 U.S. 140, 143 (1934) (recognizing appeal of dismissed claim even though remaining claims were remanded to state court).

From 1986 until March 1996, plaintiff was employed by defendants as a deputy sheriff. In 1992, he was diagnosed with post-traumatic stress disorder (PTSD) and in 1995, he entered a three-month treatment program. He then returned to work on a special duty assignment and was medically released for duty as to his PTSD on November 20, 1995.

On May 18, 1995, while on special duty, plaintiff underwent knee replacement surgery, which left him with limited abilities to run and engage in

-2-

other physical activities.  The police physician reported on December 19, 1995, as a result of his knee replacement, that plaintiff was restricted from running, jumping, wrestling, falls, fence climbing, timed ladder activity, squatting, and obstacle courses.   See Appellee's Supp. App. at 19.  Consequently, the physician concluded that plaintiff was not able to perform the essential duties of deputy sheriff.   See id.  Plaintiff continued on special duty assignment.

On February 5, 1996, plaintiff filed a charge of discrimination with the New Mexico Human Rights Division claiming he was discriminated against on the basis of physical and mental impairments because he was not permitted to perform his deputy sheriff job.  On March 21, 1996, defendants terminated plaintiff's employment on the ground that he had abandoned his job because he had not reported to work.  On January 9, 1997, plaintiff's treating physician stated, based on plaintiff's description of his job as a deputy sheriff, that plaintiff could perform the running necessary to perform the job, and could perform the initial fitness run for qualification.    See Appellee's Supp. App. at 128.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and

the moving party is entitled to a judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

Plaintiff claims on appeal that the district court erred in entering summary judgment because genuine issues of material fact exist. He maintains that the medical evidence was controverted on the issue of his ability to meet the running requirements of his employment, and on the question of whether reasonable accommodation of his knee condition was available. He further claims that because his employment was terminated twenty-one days after he filed a complaint of discrimination, he has established that defendants retaliated against him for engaging in protected activity.

Plaintiff was required to demonstrate the following elements to establish a prima facie case under the ADA: (1) he is "disabled" as defined by the ADA, (2) he is qualified to do the job, with or without reasonable accommodation, and (3) he was discriminated against on the basis of his disability. See Butler v. City of Prairie Village, 172 F.3d 736, 748 (10th Cir. 1999). The district court held that plaintiff did not demonstrate that he was qualified as a deputy sheriff or that any reasonable accommodation would permit him to qualify.

Plaintiff's appellate brief conflates the medical reports pertaining to his PTSD with those pertaining to his knee condition. Our evaluation of plaintiff's claims is hampered by his failure to include in his appendix on appeal the

documents necessary to support his arguments and by his references to the appendix that do not support his claims. See S.E.C. v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (appellant must provide references to record to carry his burden of proving error). Nevertheless, the record shows that Dr. Echols, plaintiff's physician, assessed his knee condition on September 26, 1995, and January 9, 1997. He claims those reports establish that he was capable of performing the physical and agility requirements of his job. According to plaintiff, those reports controvert the opinion of the police physician who stated that he could not perform the running required of his job, thus creating an issue of material fact sufficient to preclude summary judgment.

Dr. Echols' September 1995 treatment notes state that plaintiff was able to resume his deputy sheriff duties, "*except activities which require running.*" Appellee's Supp. App. at 119 (emphasis added). Dr. Echols' January 1997 opinion that plaintiff could perform the running required for the initial fitness test is irrelevant to defendants' decision to terminate plaintiff's employment in March 1996. Furthermore, even if plaintiff was able to perform the running necessary to complete the initial fitness examination, he provided no evidence to controvert the police physician's opinion that he could not engage in jumping, wrestling, falls, fence climbing, timed ladder activity, squatting, and obstacle courses. See id. at 19; see also id. at 41 (deputy sheriff job description requiring crouching, lifting,

jumping, and climbing, among other things). Plaintiff argues that defendants refused to permit reasonable accommodation of his knee condition by permitting him to wear knee braces. Plaintiff submitted no evidence to show that if he wore knee braces he could perform the necessary physical functions of the job. Accordingly, plaintiff failed to demonstrate that he was able to perform the essential functions of deputy sheriff, with or without reasonable accommodation. Therefore, he failed to establish a prima facie case of discrimination under the ADA.

To establish a prima facie case of retaliation, plaintiff was required to show (1) "[he] engaged in a protected activity," (2) he suffered adverse employment action at the time of or soon after the protected activity, and (3) there is "a causal connection between the protected activity and the adverse employment action." Anderson v. Coors Brewing Co., 181 F.3d 1171, 1178 (10th Cir. 1999). Filing an EEOC claim qualifies as protected activity. See id. Termination of plaintiff's employment constitutes adverse employment action. See id. For purposes of this appeal, we assume plaintiff was discharged. A retaliatory motive may be inferred when an adverse action closely follows protected activity. See Chavez v. City of Arvada, 88 F.3d 861, 866 (10th Cir. 1996).

Here, defendants terminated plaintiff twenty-one days after he filed his EEOC complaint. Assuming plaintiff established a prima facie case of retaliation,

he has offered no evidence to show that defendants' legitimate reason for terminating his employment was pretextual.  See Anderson, 181 F.3d at 1179.  As discussed above, plaintiff was not qualified for the job of deputy sheriff.  The evidence "supports [defendants'] proffered reason and [p]laintiff presents nothing which would cause a reasonable finder of fact to determine that the reason was unworthy of belief.  Therefore, [p]laintiff cannot show pretext."  Id. at 1179-80 (citations omitted).  Summary judgment was appropriate on plaintiff's retaliation claim.

Defendants' motion to dismiss the appeal is DENIED.  The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge