Mary Elizabeth CASTIBLANCO

v.

ENVIRONMENTAL & DEMOLITION SERVICES, INC., et al.

No. CIV.JFM–01–2106.

United States District Court, D. Maryland.

April 8, 2002.

them about it and train them to avoid it (or request the National Park Service to de-energize the line).

*Chaffin v. United States,* 176 F.3d 1208 (1999), cited by EDS, is clearly distinguishable. There, an employee of the contractor was mauled and disfigured after he was attacked by a polar bear on a site owned by the United States Air Force. The Ninth Circuit held that triable issues existed as to the government's liability because the government may have had superior knowledge about the risk of polar bear attacks. Here, the existence of the high voltage lines was a matter of common knowledge to any reasonable person.

Second, there is nothing in the affidavit submitted by David Whisenant creating a genuine dispute as to whether the government supervised EDS on a day-to-day basis. The affidavit merely establishes that the government entered into a detailed contract with EDS that required EDS to get government approval before deviating from contract specifications.[1]

Victor E. Long, Regan, Halperin and Long, PLLC, Washington, DC, for Plaintiff.

D. Stephenson Schwinn, Tachel Bob, Jordan, Coyne and Savits, LLP, Washingon, DC, Stephen M. Schenning, U.S. Atty's Office, Baltimore, MD, Nadira Clarke, Office of U.S. Atty., Baltimore, MD, for U.S. Dept. of Interior.

## MEMORANDUM

MOTZ, District Judge.

Environmental & Demolition Services, Inc. ("EDS") has filed a motion asking that I reconsider my ruling dismissing the claims asserted by EDS against the United States in a third-party complaint. Essentially, EDS makes the same arguments it made when opposing the United States' motion to dismiss in the first instance. I remain unpersuaded by those arguments, and EDS' motion to reconsider will be denied.

First, I remain of the view that the United States fulfilled its duty as a landowner under Maine law to prevent risks arising from known and obvious conditions. EDS was contractually obligated to assure the safety of persons working at the site, and the National Park Service could reasonably assume that to the extent a particular voltage line presented a specific hazard to those workers, EDS would warn

## ORDER

For the reasons stated in the accompanying memorandum, it is, this 8th day of April 2002

ORDERED that the motion for reconsideration filed by Environmental & Demolition Services, Inc. is denied.

1. EDS alternatively argues that I should certify my November 13, 2001 order as a final judgment for purposes of appeal. This is unnecessary because my order of dismissal is considered an appealable order. *See, e.g., Waco v. United States Fid. & Guaranty Co.,* 293 U.S. 140, 143, 55 S.Ct. 6, 79 L.Ed. 244 (1934) ("[I]n logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause. Indisputably this order is the subject of an appeal...."); *St. John v. Int'l Ass'n of Machinists and Aerospace Workers,* 139 F.3d 1214, 1216–17 (8th Cir.1998); *Beauclerc Lakes Condominium Ass'n v. City of Jacksonville,* 115 F.3d 934, 935 (11th Cir. 1997); *Armstrong v. Alabama Power Co.,* 667 F.2d 1385, 1387 (11th Cir.1982).