Justice Souter,
concurring in part and dissenting in part.
I join the Court’s opinion except for Parts II-B and II-C. Title 28 U. S. C. § 1447(d) provides, with one exception not relevant here, that “[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.” In sanctioning appellate review notwithstanding § 1447(d), the Court relies on its determination that *254 Congress, through § 2679(d)(2), has prohibited remand in cases like this one, in order to give effect to the conclusive character of the Attorney General’s certification on the issue of removal jurisdiction. But as we recently held, “ ‘review is unavailable no matter how plain the legal error in ordering the remand.’” Kircher v. Putnam Funds Trust, 547 U. S. 633, 642 (2006) (quoting Briscoe v. Bell, 432 U. S. 404, 414, n. 13 (1977)). Thus, rather than allowing § 2679(d)(2) to trump § 1447(d), I would reaffirm the rule that a district court’s remand order is unreviewable even if it is based on an erroneous understanding of the district qourt’s jurisdiction.[1] But I would not otherwise limit the Attorney General’s (or the employee’s) efforts to give the intended effect to the certification prior to any remand that might be ordered.
I agree with the Court, therefore, that the Court of Appeals had jurisdiction to review the District Court’s order resubstituting Haley as defendant. That order was not “[a]n order remanding a case to the State court from which it was removed,” so by its own terms § 1447(d) does not apply to review of that decision. Allowing review of a resubstitution order makes good on the promise of the Westfall Act: by permitting disaggregation of a remand order from a substantive determination about substitution that preceded it (in the manner exemplified by Waco v. United States Fidelity & Guaranty Co., 293 U. S. 140 (1934)), it gives an employee-defendant a right to appeal any denial of the benefit of substituting the Government as defendant in costly litigation arising out of the employee’s federal service.[2] The circum *255 stances in which the Westfall Act was adopted, responding as it did to a series of our decisions that Congress saw as having “seriously eroded the common law tort immunity previously available to Federal employees,” 102 Stat. 4563, note following 28 U. S. C. §2671, point to the importance Congress placed on giving a federal employee a full opportunity to seek this protection. Incidentally, of course, my reading of the statutes can give an appellate court the opportunity to correct a district court’s erroneous understanding of the legitimacy of removal before any remand is effected, making it very unlikely that a mistakenly premised remand order will be carried out. If a district court resisted edification, however, the remand order would be conclusive against appeal, in accord with § 1447(d). See Kircher, supra, at 642.
In sum, my resolution of this case is a pair of half-loaves. The policy of avoiding litigation over remands is tempered by allowing appeals on the important matter of substitution. The policy behind making the Attorney General’s certification conclusive is qualified by insulating a remand order from review, no matter how erroneous its jurisdictional premise. Neither policy has it all, but each gets something.
I would remand this case to the Court of Appeals for proceedings consistent with this understanding.

 The exception to § 1447(d) created in Thermtron Products, Inc. v. Hermansdorfer, 423 U. S. 336 (1976), for remands not authorized by § 1447(e) does not apply here because the District Court remanded the case for lack of subject-matter jurisdiction, a ground enumerated in § 1447(c).

 The circumstances of this case make it clear that Waco ought to endure as an exception to § 1447(d), a question left open in Kircher v. Putnam Funds Trust, 547 U. S. 633,645, n. 13 (2006). A contrary rule would preclude appellate review not only of the remand order itself, but also of the refusal to substitute the Government as defendant.