[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2012
JOHN LEY
CLERK

_____

No. 11-12150
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-22046-JAL

ST. HUGH WILLIAMS,

Plaintiff - Appellee,

versus

NCL (BAHAMAS) LTD.,
d.b.a. NCL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 9, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

This appeal concerns our authority to review an order remanding an action based on an antecedent and erroneous ruling that an agreement to arbitrate was unenforceable. St. Hugh Williams filed in a Florida court a complaint that, while working onboard the M/V Norwegian Sky, he was injured as a result of the negligence and other tortious conduct of the owner of the ship, NCL (Bahamas) Ltd. See 46 U.S.C. § 30104. NCL removed the action to the district court on the ground that Williams was contractually bound to arbitrate his complaint under the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 205, but Williams moved to remand the action to state court. The district court ruled that the arbitration clause was unenforceable, see Thomas v. Carnival Corp., 573 F.3d 1113 (11th Cir. 2009), and then the district court granted Williams's motion to remand. NCL appealed, and this Court later held, in Lindo v. NCL (Bahamas) Ltd., 652 F.3d 1257 (11th Cir. 2011), that an agreement to arbitrate under the Convention is enforceable. Williams argues that this Court lacks jurisdiction, 28 U.S.C. § 1447(d), but we have jurisdiction to review the denial of the motion to compel under City of Waco v. U.S. Fidelity & Guaranty Co., 293 U.S. 140, 55 S. Ct. 6 (1934). We reverse the order denying the motion to compel of NCL, vacate the order remanding Williams's complaint to state court, and remand with instructions to compel arbitration.

We may review the denial of the motion of NCL to compel arbitration under an exception to section 1447(d). In Waco, the Supreme Court held that an appellate court may review a decision of the district court that "in logic and in fact . . . preceded that of remand" and that, "if not reversed or set aside, is conclusive upon" the appellant. 293 U.S. at 143, 55 S. Ct. at 7. Waco "allows [an appellate court] to review district court orders that lead to, but are separate from, orders of remand and have a conclusive effect upon the ensuing state court action." Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc., 179 F.3d 1279, 1286 (11th Cir. 1999). The ruling that the arbitration clause was unenforceable was separate from and led to the order of remand. The district court resolved the merits of the motion to compel and then ruled that it lacked jurisdiction to adjudicate the dispute between Williams and NCL. The ruling also "changes the contours of the state court action after remand." Id. Under Florida law, collateral estoppel applies when the identical issue has been "fully litigated" between the identical parties and "determined in a contest that result[ed] in a final decision of a court of competent jurisdiction." City of Oldsmar v. State, 790 So. 2d 1042, 1046 n.4 (Fla. 2001). On remand to a Florida court, NCL would be barred from compelling Williams to arbitrate his complaint.

The district court erred when it denied the motion of NCL to compel

3

Williams to arbitrate his complaint. The district court based its ruling on our decision in Thomas v. Carnival, 573 F.3d at 1122–24, where we refused to enforce an agreement to arbitrate under the United Nations Convention on the ground that it was "null and void as a matter of public policy" because the complainant could not assert statutory claims for relief. We have since ruled in Lindo that Thomas is inconsistent with our prior precedent in Bautista v. Star Cruises, 396 F.3d 1289, 1302 (11th Cir. 2005). "To the extent Thomas was applying Article II" of the Convention, Thomas "failed to follow our precedent in . . . Bautista" by recognizing public policy as an additional defense to enforcement of an arbitration agreement. Lindo, 652 F.3d at 1277–78. Our precedent dictates that a court must enforce an agreement to arbitrate under the Convention unless that agreement is "null and void" as being "obtained through those limited situations, such as 'fraud, mistake, duress, and waiver,' constituting 'standard breach-of-contract defenses' that 'can be applied neutrally on an international scale.'" Id. at 1276 (quoting Bautista, 396 F.3d at 1302). Williams did not assert any of these grounds in response to the motion to compel, and NCL was entitled to compel Williams to arbitrate.

We **REVERSE** the order denying the motion to compel of NCL, **VACATE** the order remanding this action to state court, and **REMAND** with instructions to

4

compel Williams to arbitrate his dispute with NCL.