HILL, Circuit Judge,
dissenting:
I dissent.
I disagree with the majority decision to dismiss this appeal for lack of jurisdiction.
We have appellate jurisdiction to review the district court’s order denying NCL’s motion to compel arbitration under the Convention. That part of the order is immediately appealable under 9 U.S.C. § 16(a)(1)(C), and made applicable to the Convention by 9 U.S.C. § 208.
Here the district court erred in refusing to order arbitration. Its substantive finding that NCL’s agreement to arbitrate was unenforceable was based upon Thomas v. Carnival Corp., 573 F.3d 1113 (11th Cir.2009). Subsequently, this court, in Lindo *1314 v. NCL (Bahamas) Ltd., 652 F.3d 1257 (11th Cir.2011), found Thomas to be inconsistent with Bautista v. Star Cruises, 396 F.3d 1289 (11th Cir.2005) and now states the law of the circuit Lindo, 652 F.3d at 1277-78.[1]
The district court’s remand order was based upon its interpretation of the meaning of a choice-of-law or forum selection clause; this is a reviewable decision, external to the removal process. See Snapper Inc. v. Redan, 171 F.3d 1249, 1252-53 (11th Cir.1999); Cunningham v. Fleetwood Homes of Ga., 253 F.3d 611, 617 (11th Cir.2001) (“[ajgreements to arbitrate are essentially forum-selection clauses”); Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 276-77 (9th Cir.1984); see also 28 U.S.C. § 1447(c) and (d).
The majority erroneously finds that “the district court’s analysis of the arbitration clause was limited to the question of whether the clause was valid for purposes of subject matter jurisdiction.” Here the district court clearly conducted two distinct substantive analyses: (1) that the arbitration provision was null and void as against public policy; and that, therefore, (2) remand was proper.
The majority result morphs these two into one, thereby finding that a City of Waco v. United States Fidelity & Guar. Co., 293 U.S. 140, 142, 55 S.Ct. 6, 79 L.Ed. 244 (1934), review is inapplicable and unnecessary.[2] This leap is rationalized away by the comforting thought that “[tjhe denial of the motion to compel arbitration does not preclude the state court from reconsidering that question de novo and freely determining whether the arbitration clause is invalid.” (Emphasis added). It would, indeed, preclude the federal court from reviewing the district court’s substantive decision denying arbitration, a major federal question, and “conclusive upon” the appellant. Waco, 293 U.S. at 142, 55 S.Ct. 6.
I am very concerned with the result achieved today. It has far reaching consequences. The majority interpretation undermines Congress’s clear intent to allow for immediate review from orders denying arbitration. See 9 U.S.C. §§ 16(a)(1)(C); 208.
I dissent.

. Lindo now makes clear that Thomas erroneously held that we can refuse to enforce an agreement to arbitrate under the United Nations Convention on the ground that it is "null and void as a matter of public policy.” Thomas, 573 F.3d at 1122-24; Lindo, 652 F.3d at 1277-78. By sua sponte adding a public policy defense, Thomas overlooked this circuit's precedent which dictates that an agreement to arbitrate [is] null and void only in limited situations "such as fraud, mistake, duress, and waiver' — that can be applied neutrally on an international scale.” Bautista, 396 F.3d at 1302.

. Waco holds that an appellate court may review a decision of the district court that "in logic and in fact ... preceded that of remand” and, “if not reversed or set aside, is conclusive upon” the appellant. Waco, 293 U.S. at 142, 55 S.Ct. 6. Waco allows review of orders that are separable from the order on remand. Id. at 143, 55 S.Ct. 6; see also Aquamar v. Del Monte Fresh Produce N.A., Inc., 179 F.3d 1279, 1285-86 (11th Cir.1999).