**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-2188**

---

E.D., a minor by and through her mother and next friend;
DENISE DARCY,

        Plaintiffs - Appellees,

    v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.;
GREENSTONE, LLC, f/k/a Greenstone Ltd.,

        Defendants - Appellants.

---

**No. 12-2189**

---

J.C., a minor by and through his mother and next friend;
MICHELLE COOK,

        Plaintiffs - Appellees,

    v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.;
GREENSTONE, LLC, f/k/a Greenstone Ltd.,

        Defendants - Appellants.

---

**No. 12-2190**

---

D.B., a minor by and through his mother and next friend;
NINA BRUMFIELD,

        Plaintiffs - Appellees,

v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.; GREENSTONE, LLC, f/k/a Greenstone Ltd.,

Defendants - Appellants.

No. 12-2191

T.S., a minor by and through his mother and next friend; DAWN SKURRY,

Plaintiffs - Appellees,

v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.; GREENSTONE, LLC, f/k/a Greenstone Ltd.,

Defendants - Appellants.

No. 12-2193

C.S., a minor child by and through his mother and next friend; KIMBERLY LANCASTER,

Plaintiffs - Appellees,

v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.; GREENSTONE, LLC, f/k/a Greenstone Ltd.,

Defendants - Appellants.

**No. 12-2194**

K.W., a minor by and through her mother and next friend; ANGEL WOLKFERTZ,

Plaintiffs - Appellees,

v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.; GREENSTONE, LLC, f/k/a Greenstone Ltd.,

Defendants - Appellants.

**No. 12-2195**

A.N., a minor by and through her mother and next friend; HEATHER NORFOLK,

Plaintiffs - Appellees,

v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.; GREENSTONE, LLC, f/k/a Greenstone Ltd.,

Defendants - Appellants.

**No. 12-2197**

J.E., a minor by and through his mother and next friend; MARLO CHEEKS,

Plaintiffs - Appellees,

v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.; GREENSTONE, LLC, f/k/a Greenstone Ltd.,

                    Defendants - Appellants.

                    _____

                    **No. 12-2199**
                    _____

D.M., a minor by and through his mother and next friend; REBECCA MARDORF,

                    Plaintiffs - Appellees,

          v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.; GREENSTONE, LLC, f/k/a Greenstone Ltd.,

                    Defendants - Appellants.

                    _____

                    **No. 12-2205**
                    _____

I.Z., a minor by and through his mother and next friend; MARY MASTERS,

                    Plaintiffs - Appellees,

          v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.; GREENSTONE, LLC, f/k/a Greenstone Ltd.,

                    Defendants - Appellants.

4

**No. 12-2207**

C.B., a minor by and through her mother and next friend;
LALA FIELDS,

Plaintiffs - Appellees,

v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.;
GREENSTONE, LLC, f/k/a Greenstone Ltd.,

Defendants - Appellants.

**No. 12-2208**

M.M., a minor by and through her mother and next friend;
JEANETTE MASKILL,

Plaintiffs - Appellees,

v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.;
GREENSTONE, LLC, f/k/a Greenstone Ltd.,

Defendants - Appellants.

**No. 12-2218**

J.S., a minor by and through his mother and next friend;
CINDY SIMPSON-DURAND,

Plaintiffs - Appellees,

v.

5

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.; GREENSTONE, LLC, f/k/a Greenstone Ltd.,

Defendants - Appellants.

_____

**No. 12-2219**

_____

H.S., by and through her mother and next friend; SHANNON SCALISI,

Plaintiffs - Appellees,

v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.; GREENSTONE, LLC, f/k/a Greenstone Ltd.,

Defendants - Appellants.

_____

**No. 12-2220**

_____

L.V., a minor by and through his mother and next friend; LORIE VINSON,

Plaintiffs - Appellees,

v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.; GREENSTONE, LLC, f/k/a Greenstone Ltd.,

Defendants - Appellants.

6

---

**No. 12-2221**

---

A.H., a minor by and through her mother and next friend;
HEATHER SLABAUGH,

        Plaintiffs - Appellees,

    v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.;
GREENSTONE, LLC, f/k/a Greenstone Ltd.,

        Defendants - Appellants.

---

**No. 12-2223**

---

A.W., a minor child by and through his mother and next
friend; SHERI WIDNER,

        Plaintiffs - Appellees,

    v.

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.;
GREENSTONE, LLC, f/k/a Greenstone Ltd.,

        Defendants - Appellants.

---

**No. 12-2224**

---

H.C., a minor by and through her mother and next friend;
MELISSA SHROYER,

        Plaintiffs - Appellees,

    v.

7

PFIZER, INC.; ROERIG, a division of Pfizer, Inc.; GREENSTONE, LLC, f/k/a Greenstone Ltd.,

Defendants - Appellants.

---

Appeals from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:12-cv-04105; 3:12-cv-04103; 3:12-cv-04108; 3:12-cv-04106; 3:12-cv-04123; 3:12-cv-04122; 3:12-cv-04109; 3:12-cv-04110; 3:12-cv-04111; 3:12-cv-04112; 3:12-cv-04113; 3:12-cv-04114; 3:12-cv-04115; 3:12-cv-04116; 3:12-cv-04117; 3:12-cv-04118; 3:12-cv-04120; 3:12-cv-04121)

---

Argued: May 15, 2013                    Decided: July 12, 2013

---

Before Sandra Day O'CONNOR, Associate Justice (Retired), Supreme Court of the United States, sitting by designation, and FLOYD and THACKER, Circuit Judges.

---

Dismissed by published opinion. Judge Floyd wrote the opinion, in which Justice O'Connor and Judge Thacker joined.

---

**ARGUED:** Mark Steven Cheffo, QUINN, EMANUEL, URQUHART & SULLIVAN, LLP, New York, New York, for Appellants. Anthony J. Majestro, POWELL & MAJESTRO, PLLC, Charleston, West Virginia, for Appellees. **ON BRIEF:** Michael J. Farrell, FARRELL, WHITE & LEGG PLLC, Huntington, West Virginia, for Appellants.

---

FLOYD, Circuit Judge:

Appellants Pfizer Inc.; Roerig, a division of Pfizer; and Greenstone, LLC (collectively, the Pharmaceutical Companies), bring this appeal challenging the district court's decision to remand for lack of subject matter jurisdiction to the Circuit Court of Wayne County, West Virginia. Congress has sharply proscribed our ability to review a district court's remand order, and because none of the exceptions to this prohibition are present here, we dismiss this appeal for lack of jurisdiction.

I.

This action was commenced by nineteen plaintiff families upon filing a single complaint. The families brought products liability and negligence claims against the Pharmaceutical Companies. The families allege that the prescription anti-depressant sertraline hydrochloride, branded as Zoloft, caused birth defects to each child born of a pregnancy where the mother ingested Zoloft. Pfizer is a corporation organized under Delaware law and has its principle place of business in New York. Greenstone is a limited liability company wholly owned by Pharmacia Corporation, which is a corporation organized under Delaware law with its principle place of business in New Jersey.

9

Besides the Dropp family, citizens of New York, all other families are diverse from the Pharmaceutical Companies.

Instead of filing the complaint as a single civil action, the clerk of court, pursuant to West Virginia Rule of Civil Procedure 3(a), docketed each family separately, resulting in nineteen distinct actions, one action for each family named in the complaint. The clerk assigned each family a civil action number and charged them a separate filing fee. However, the families were not required to file separate complaints. The Pharmaceutical Companies interpret this rule to mean that nineteen distinct actions exist. Based upon this reading of the rule and because eighteen of the nineteen families were completely diverse from all of the defendants, the Pharmaceutical Companies removed all but the non-diverse Dropp family to the United States District Court for the Southern District of West Virginia on August 7, 2012. The Dropp case remains pending in state court. On August 13, 2012, the eighteen removed families filed individual motions to remand in the district court.

The Pharmaceutical Companies argued below that removal was proper because the actions, when analyzed individually, show that each plaintiff is diverse from each defendant. The families argue, however, that the action is a single case and that the families were treated separately only for

10

administrative purposes, and this has no bearing on the diversity jurisdiction analysis. The district court first recognized that Rule 3(a) was enacted in 2008 to require that actions filed by unrelated plaintiffs must be docketed as separate actions and must each be charged a fee. The district court then examined a case prior to the 2008 amendment to discern the purpose of the separate docketing and filing fee requirement. See Grennell v. W. S. Life Ins. Co., 298 F. Supp. 2d 390 (S.D. W. Va. 2004).

In Grennell, the Supreme Court of Appeals of West Virginia had authorized the clerks of court to separately docket cases and charge supplemental filing fees, and the court considered whether this administrative action created distinct cases. Id. at 392. The Grennell plaintiffs were assigned separate case numbers and paid individual filing fees. However, they were not required to file multiple complaints. Id. The court reasoned that "if Plaintiffs were not joined in one action, the Circuit Court would have required them to file a separate complaint on behalf of each plaintiff." Id. at 395. It went on to conclude that although the cases had been administratively separated, the defendants did not show that the plaintiffs were not properly joined for diversity analysis. Id. Similarly, here the district court reasoned:

11

Mass action rules similar to those given by the administrative order at issue in Grennell were added to West Virginia Rule of Civil Procedure 3(a) in 2008. Defendants argue that Rule 3(a) can be distinguished from the administrative order in Grennell, because Rule 3(a) specifies that each plaintiff's claim shall be "docketed as a separate civil action." W. Va. R. Civ. P. 3(a). Defendants offer no authority, however, for the proposition that Rule 3(a) was meant to have the rather severe substantive effect of prohibiting all unrelated persons from proceeding with a mass claim in West Virginia state courts. Instead, it seems more likely that the changes to Rule 3(a) were intended to alter the administration of mass claims by the state courts. Plaintiffs provide the affidavit of the Clerk of the Wayne County Circuit Court, Milton Ferguson (Ferguson Affidavit), stating that Plaintiffs in this matter were separated by the state court as directed by Rule 3(a), but that they were not required to file separate complaints, were not considered separate cases, and were all assigned to the same judge. Id. A single affidavit may not be dispositive on the question of how to interpret a state rule of civil procedure, but in this case, it illustrates the principle evident from the changes to Rule 3(a) and the principle adopted by this Court in Grennell: administrative separation of claims in state court does not determine the propriety of joinder in federal court. Defendants have not met their burden of demonstrating that Plaintiffs' claims were not properly joined because of case processing practices in Wayne County Circuit Court.

J.C. ex rel. Cook v. Pfizer, Inc., 3:12-cv-04103, 2012 WL 4442518, at *3 (S.D. W. Va. Sept. 25, 2012).

After concluding that the action was really one civil action for purposes of diversity jurisdiction, the district court then addressed the Pharmaceutical Companies' alternative argument, that even if the case can be viewed as a single case, the Dropp family, the only non-diverse plaintiff, was

12

fraudulently joined. The fraudulent joinder doctrine provides an exception to the complete diversity requirement. Thus, if the Dropp family was fraudulently joined, the district court had jurisdiction. To establish fraudulent joinder, the district court required the Pharmaceutical Companies to show that the families failed to meet either or both of the requirements for joinder, namely: (1) the claims must arise out of the same transaction, series of transactions, or occurrence, and (2) some question of law or fact common to all parties must be present. The district court ultimately found that the families met both requirements. First, the claims were "logically related and arise from the same series of transactions or occurrences -- namely the production, distribution, and promotion of Zoloft." Id. at *5. Second, the common question of law or fact requirement was satisfied because "[q]uestions of fact common to all [p]laintiffs include the design of Zoloft, Defendants' knowledge of Zoloft's safety, and Defendants' representations about its safety." Id. Thus, the district court determined that joinder was proper.

After considering the Pharmaceutical Companies' arguments and concluding that no basis for subject matter jurisdiction existed, the district court granted the families' motions to remand to state court. The Pharmaceutical Companies appeal the remand order.

13

II.

A.

We must first address whether this Court has the ability to review the district court's remand order. The Pharmaceutical Companies face an insurmountable barrier because "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), regardless of "whether or not that order might be deemed erroneous by [us]," Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976), abrogated on other grounds by QuackenBush v. Allstate Ins. Co., 517 U.S. 706 (1996). Despite this general statutory bar, the Pharmaceutical Companies argue that an exception to § 1447(d) applies and allows review of this case. The families disagree, arguing that the remand order rested on the district court's conclusion that it lacked subject matter jurisdiction.

This Court's review of a remand order is barred if the order is within the scope of 28 U.S.C. § 1447(c). Section 1447(c) allows a district court to remand based on: "(1) a district court's lack of subject matter jurisdiction or (2) a defect in removal 'other than lack of subject matter jurisdiction' that was raised by the motion of a party within 30 days after the notice of removal was filed." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008)

14

(quoting 28 U.S. § 1447(c)).  Therefore, our review is barred if the order was based on grounds in § 1447(c) and "invok[ed] the grounds specified therein," Thermtron, 423 U.S. at 346.  First, the Pharmaceutical Companies argue that the district court's decision to consider the citizenship of "nonparties" falls outside the permissible grounds for remand and exceeds the court's authority.  This Court has the power "to correct a district court that has not merely erred in applying the requisite provision for remand but has remanded a case on grounds not specified in the statute and not touching the propriety of the removal."  Ellenburg, 59 F.3d at 196 (quoting Thermtron, 423 U.S. at 352).  A district court exceeds its statutory authority when it remands a case "on grounds that seem justifiable to [the court] but which are not recognized by the controlling statute."  Thermtron, 423 U.S. at 351.  The Pharmaceutical Companies argue for review under the Thermtron exception and its progeny in this Court: Borneman v. United States, 213 F.3d 819 (4th Cir. 2000), as well as Ellenburg, 519 F.3d 192.

In Thermtron, the district court had remanded the case because it had determined that its docket was too crowded to hear it in a timely fashion.  423 U.S. at 344.  The Supreme Court expressed concern that "[n]either the propriety of the removal nor the jurisdiction of the court was questioned by

15

respondent in the slightest. Section 1447(c) was not even mentioned." Id. at 343-44 (footnote omitted). Because the district court's concerns were administrative and blatantly beyond the purview of § 1447(c), the Supreme Court concluded that appellate review was permissible. Id. at 345-46. Accordingly, the Supreme Court held that appellate courts have the power "to correct a district court that has not merely erred in applying the requisite provision for remand but has remanded a case on grounds not specified in the statute and not touching the propriety of the removal." Id. at 352.

After Thermtron, this Court expounded upon this exception in Borneman, 213 F.3d 819. In Borneman, a United States postal employee brought assault and battery claims against his manager in state court. Id. at 822. The Attorney General then removed the case under the Westfall Act, 28 U.S.C. § 2679(d)(2), certifying that the manager was acting within the scope of his employment and therefore substituting the United States as the defendant. Id. at 823. On appeal, this Court recognized the tension between 28 U.S.C. § 1447(d), which gives the district court authority to determine whether jurisdictional statutes have been satisfied, and 28 U.S.C. § 2679(d)(2), which gives the Attorney General exclusive authority to remove under the Westfall Act. See id. at 826. This Court reasoned we could give effect to both statutes by allowing the district court

16

authority to issue remand orders based on § 1447(c) "except when Congress directs otherwise in a more specific situation, such as where Congress gives the Attorney General the exclusive power to decide whether to have a Westfall Act case tried in federal court." Id. at 826. Consequently, "a district court has no authority to remand a case removed pursuant to [the Westfall Act], and the bar of § 1447(d) does not preclude us from reviewing a remand order when the district court exceeds its authority." Id.

In addition to the Thermtron exception relied on in Borneman, this Court in Borneman also cited principles that the Supreme Court first recognized in Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140 (1934). In Waco, a diverse party was joined in the action after the filing of the complaint, and this party then removed the action to federal court on the basis of diversity. Id. at 141. The district court then determined that the third-party had not been joined properly, and dismissed the claim against them. Id. at 142. This dismissal resulted in the district court no longer having diversity jurisdiction, causing the district court to remand the entire case to state court. Id. The dismissal left the City of Waco in a difficult position, as the district court's order dismissing the third-party was binding upon the state court. Id. at 143. The Supreme Court held that the order dismissing the third-party

17

could be appealed because it was separate from the order remanding the entire case. Id. The Court noted that the remand could not be appealed, but because "in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause," the dismissal could be reviewed. Id. Following Waco, this Court in Borneman noted:

> [A]n otherwise reviewable ruling is not shielded from review merely because it is a constituent aspect of a remand order that would itself appear to be insulated from review by § 1447(d). See Waco v. United States Fidelity & Guar. Co., 293 U.S. 140, 143, 55 S. Ct. 6, 79 L.Ed. 244 (1934) (treating separately components of district court's order dismissing a party and remanding action); Mangold [v. Analytic Servs., Inc.], 77 F.3d [1442,] 1446 [(4th Cir. 1996)] (treating separately components of district court's order denying immunity and remanding action to state court).

213 F.3d at 825.

This Court again considered Waco in the Ellenburg case. In Ellenburg, the district court remanded without having a motion to remand before it. 519 F.3d at 197. The district court stated that the case was before it "for a determination as to whether it ha[d] jurisdiction over the matter." Id. (alteration in original) (internal quotation marks omitted). But then the district court ruled not that it lacked subject matter jurisdiction, but rather that the defendants' allegations of diversity jurisdiction were "inadequate" and that their Notice

18

of Removal failed "to establish that the amount in controversy exceeds the jurisdictional amount." Id. at 195 (internal quotation marks omitted). The district court never reached the conclusion that it lacked subject matter jurisdiction, concluding only that the Notice of Removal had not presented a factual basis sufficient to permit the court to make a decision on subject matter jurisdiction. Id. at 197. Therefore, the remand was not on § 1447(c) grounds and was not authorized by the remand statute because no party had made a motion. This Court reasoned that, "[t]he district court's selection and application of a legal standard for pleading in a notice of removal thus remains reviewable as a 'conceptual antecedent' to the remand order." Id. at 197. Citing Borneman—which had cited Waco—this Court went on to reason that "[w]e may review a conceptual antecedent ruling even if it was an essential precursor to a remand order that is itself unreviewable under § 1447(d)." Id.

The Pharmaceutical Companies here disclaim reliance on Waco while simultaneously citing language from Borneman and Ellenburg, language that is unquestionably derived from Waco itself. This evasion is understandable considering the restrictions we have placed on asserting the Waco exception. "This Court restricts the applicability of the Waco exception to purportedly reviewable orders that (1) have a preclusive effect

19

upon the parties in subsequent proceedings and (2) are severable, both logically and factually, from the remand order itself." Palmer v. City Nat'l Bank of W. Va., 498 F.3d 236, 240 (4th Cir. 2007). Further, if the court looks to an issue for the purpose of determining subject matter jurisdiction, the issue is not separable because it cannot be said to have preceded the remand decision "in logic and in fact." Waco, 293 U.S. at 143.

B.

Having established the law that may be applicable here, we now turn to the facts of this case to determine whether any exception applies. The Pharmaceutical Companies argue that under Thermtron this Court can consider the remand order because the action here was eighteen separate lawsuits and the district court's decision to consider the citizenship of the Dropps—"non-parties"—falls outside the permissible grounds for remand and exceeds the court's authority. As previously noted, this Court has the power "to correct a district court that has not merely erred in applying the requisite provision for remand but has remanded a case on grounds not specified in the statute and not touching the propriety of the removal." Thermtron, 423 U.S. at 352. However, if the district court issued the remand order on the ground that it lacked subject matter jurisdiction, we have

20

no authority to review the order. In fact "we need not delve into whether the district court was correct to hold that it lacked subject matter jurisdiction over the removed action. Rather, an order is issued pursuant to § 1447(c) if the district court <u>perceived</u> that it was without jurisdiction over the cause." <u>In re Blackwater Security Consulting, LLC,</u> 460 F.3d 576, 585 (2006).

The district court's remand order in this case quite obviously falls within the ambit of § 1447(c)'s requirement of remand in the absence of subject matter jurisdiction. The district court remanded the case after explicitly concluding that the Pharmaceutical Companies had not established subject matter jurisdiction. The district court did so by considering whether a state rule of procedure created distinct cases, or whether there was one action in which the Dropp family was a party. The reason the district court considered West Virginia Rule of Civil Procedure 3(a) was simply to determine what parties were joined in order to decide jurisdiction. This evaluation was plainly a necessary step for the court to determine subject matter jurisdiction and is inseverable from that conclusion. As we have previously concluded, we cannot review rulings that "are simply the necessary legal underpinning to the court's determination that the case was not properly removed." <u>Id.</u> at 590. The district court here did not

"remand[] [the] case[] on grounds that seem justifiable to [it]," Thermtron, 423 U.S. at 351; it remanded because it determined that it did not have jurisdiction to hear the case. Accordingly, the Pharmaceutical Companies have failed to prove that the district court exceeded its authority when it looked at the Dropps' citizenship.

We now consider the Pharmaceutical Companies' argument under the Borneman and Ellenburg formulation of Waco. This exception allows this Court to review "a collateral decision that is severable from the remand order." Blackwater, 460 F.3d at 583. The Pharmaceutical Companies claim that the district court's remand order was based on a "conceptual antecedent ruling," specifically that the parties in these cases were different than those actually included in the captions of each case as docketed in state court. Simply put, the Pharmaceutical Companies contend that the district court's determination that the Dropps were actually parties in this action is reviewable as a collateral decision to the district court's decision to remand.

We do not believe that this exception applies here. The Pharmaceutical Companies' formulation of Waco would overstrain this exception. This is especially true in light of the facts in Borneman and Ellenburg. First, in Borneman, there was a tension between two federal statutes, and we noted that

22

"§ 1447(d)'s restriction on appellate review of remand orders cannot be read categorically when other statutes in tension with it are considered." Borneman, 213 F.3d at 825. Next, in Ellenburg, the district court remanded for a defect in removal even though the statute did not allow the court to do so without a motion before it. 519 F.3d at 194. This Court concluded that this sua sponte order was reviewable because "the district court did not rely on lack of subject matter jurisdiction." Id.

The facts of this case do not indicate any purpose other than a joinder analysis undertaken solely for the resolution of subject matter jurisdiction. Unlike the central holding in Borneman, there is no conflict between federal statutes. And unlike Ellenburg, the district court here was obviously addressing subject matter jurisdiction when it went beyond the complaint and looked at West Virginia Rule of Civil Procedure 3(a). Further, the Pharmaceutical Companies fail to meet the requirements for this Court's formulation of Waco. As noted above, this Court requires the order to have both a preclusive effect in subsequent proceedings and to be severable from the remand order itself. Palmer, 498 F.3d at 240. Here, there is no preclusive effect and there was no decision that preceded the determination of subject matter jurisdiction that can be separated from the inquiry of subject matter jurisdiction. Were we to accept the Pharmaceutical Companies' argument, we would

23

open up for review any legal or factual analysis that a district court takes to determine whether to remand an action. We refuse to do this.

Because the Pharmaceutical Companies have failed to establish that an exception should apply here, and because the plain language of § 1447(c) bars our review of this case, we conclude that we do not have the authority to review the remand order, and we end our analysis here.

## III.

For the foregoing reasons, we conclude that we lack jurisdiction to hear this appeal. As a result, this case is

DISMISSED.