FILED

**NOT FOR PUBLICATION**

APR 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARA ANN SHERWIN, | No. 13-17342 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00043-APG-GWF |
| v. | |
| INFINITY AUTO INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted April 13, 2016
San Francisco, California

Before: THOMAS, Chief Judge, and REINHARDT and CHRISTEN, Circuit
Judges.

After being injured in a car accident caused by another driver, Tara Sherwin

filed a claim with her own insurer, Infinity Auto Insurance, for underinsured

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

motorist coverage. Sherwin alleges breach of contract because Infinity offered her less than the full amount of policy coverage. She also alleges that Infinity acted in bad faith and that it committed various unfair trade practices. The district court granted summary judgment for Infinity on Sherwin's bad faith and unfair trade practices claims and remanded her breach of contract claim to state court. Sherwin timely appealed. We have jurisdiction over this diversity action under 28 U.S.C. § 1291, and we affirm the summary judgment order.[1]

Sherwin did not raise a genuine issue of material fact about whether Infinity acted in bad faith by offering $3,183 in response to her demand for the full $15,000

[1]    Sherwin asks us to review the district court's order remanding her contract claim to state court. The district court remanded the contract claim because it decided it was divested of jurisdiction once the amount in controversy dropped below the $75,000 threshold. *See* 28 U.S.C. § 1332(a). This was error. *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999) ("[D]iversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction if . . . the amount in controversy subsequently drops below the minimum jurisdictional level."). However, § 1447(d) precludes review of this remand order. *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 641–42 (2006) (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)) ("[W]here the order is based on [lack of subject matter jurisdiction,] review is unavailable no matter how plain the legal error in ordering the remand."). We retain jurisdiction to review the summary judgment order because it "preceded the remand order in logic and fact" and the order is "conclusive, i.e. functionally unreviewable in state courts." *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 946–47 (9th Cir. 2004) (quoting *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 210 (5th Cir. 2004)); *see also Waco v. United States Fid. & Guar. Co.*, 293 U.S. 140, 143 (1934).

2

policy limit. No reasonable jury could find that Infinity was without reasonable basis to deny Sherwin's claim for the full policy limit. Sherwin's initial time-limited demand substantiated only $11,543 in medical expenses and made no claim for lost wages or pain and suffering. She had already received $15,000 from the other driver's insurance carrier for these injuries. Her argument that she should also recover her full policy limit is based on one doctor's opinion that Sherwin "will most likely require anterior cervical discectomy and fusion at C5–6." But Sherwin told care providers that she "did not want surgery," she was "not experiencing any present symtomatology," and she had "returned to work at full duties with no restrictions." This conflicting evidence gives rise to a genuine dispute as to the value of Sherwin's claim. Thus, Infinity was entitled to contest Sherwin's policy-limit demand without facing liability for bad faith.[2]

---

[2] Sherwin argues the genuine dispute doctrine applies only to issues of law (i.e., coverage disputes), not issues of fact (i.e., value disputes). Sherwin cites no Nevada law supporting this proposition, nor have we found any. But California courts—to which Nevada courts often defer in the insurance context—and this court have applied the doctrine to both coverage and value disputes. *See, e.g.*, *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 994 (9th Cir. 2001) ("[W]e decline to limit the genuine dispute doctrine to purely legal or contractual disputes."); *Wilson v. 21st Century Ins. Co.*, 171 P.3d 1082, 1088–89 (Cal. 2007) ("[A]n insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract.").

Sherwin did not raise a triable issue of fact as to whether Infinity committed unfair trade practices under NRS 686A.310. Sherwin's citation to Infinity's Best Practices Guide did not raise a fact question concerning compliance with section (c) of the statute because the Guide specifies how to investigate and process claims, and Sherwin provided no evidence to indicate that Infinity did not sufficiently implement the Guide. Sherwin did not raise a fact issue concerning compliance with section (e) of the statute because she did not show that Infinity failed to promptly, fairly, and equitably settle the portion of her claim for which its liability was reasonably clear—i.e., the damages she incurred for past care. As to section (f), Sherwin did not raise an issue of fact about whether she was compelled to sue given that Infinity offered several alternatives to litigation, including leaving the claim open for additional medical evidence or engaging in arbitration. Nor did Sherwin raise a triable issue of fact concerning section (n) of the statute because Infinity, over the course of several letters, promptly explained the basis of its decision, including its interpretation of the medical record, its obligations under the policy, and what further actions Sherwin could take in order for Infinity to reevaluate her claim.

Because Sherwin did not raise a triable issue of fact as to whether Infinity acted in bad faith or committed unfair trade practices, she did not meet the higher

4

burden of showing that a question exists about whether Infinity engaged in oppression, fraud, or malice as required for punitive damages. *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1250 (D. Nev. 1994) (citing NRS 42.005(1)). As the nonprevailing party, Sherwin was not entitled to an award of attorney fees.

AFFIRMED.