In re **GRAND JURY SUBPOENA, MAY, 1978 AT BALTIMORE.**

**STATE of New York, DEPARTMENT OF TAXATION AND FINANCE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 78–1507.

United States Court of Appeals, Fourth Circuit.

Argued March 12, 1979.

Decided April 20, 1979.

---

Arthur R. Rosen, Deputy Counsel, Dept. of Taxation and Finance, Albany, N. Y. (Peter Crotty, Deputy Commissioner and Counsel, Albany, N. Y., on brief), for appellant.

James A. Bruton, Tax Div., Dept. of Justice, Washington, D. C. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Robert E. Lindsay, Tax. Div., Dept. of Justice, Washington, D. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and HALL, Circuit Judges.

PER CURIAM:

This case arises out of the issuance of a grand jury subpoena duces tecum directed to the New York Department of Taxation and Finance. Despite emphatic protests by New York, the district court enforced the subpoena for state tax records sought in connection with a criminal tax investigation. New York points out that its statutes permit release of tax information only if requested by "the Secretary of the Treasury or his delegates" and that a federal grand jury fails to qualify as a proper requesting party. While conceding that federal law controls, New York argues that this court should enforce its statute so as to vindicate the state's substantial interest in protecting the financial privacy of its citizens and the consequent encouragement it provides to its taxpayers to fully and accurately report their affairs.

New York sought to raise its argument by direct appeal. We lack jurisdiction to hear an appeal, however, for the district court's order to enforce the subpoena is not a "final decision" within 28 U.S.C. § 1291. *In re Grand Jury Subpoenas*, April 1978 at Baltimore, 581 F.2d 1103, 1106 and

n. 8 (4th Cir. 1978). It is well established that a party can contest a grand jury subpoena on appeal only if he refused to comply and is held in contempt of court. *Cobbledick v. United States,* 309 U.S. 323, 326–28, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *see Ryan v. United States,* 402 U.S. 530, 533, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971) (stressing "the necessity for expedition in the administration of the criminal law"). That principle applies here.

 In response to our inquiries at oral argument, New York requested that we treat its papers as a petition for a writ of mandamus. *See In re Grand Jury Subpoenas,* April 1978, at Baltimore, 581 F.2d 1103, 1106 (4th Cir. 1978). But even were we to do so, mandamus could not issue. To justify a grant of mandamus, the petitioner must establish "a clear and indisputable right which the district court by its action has abridged." *Id.* at 1107. No such showing was made here; at best, this is a close case. New York acknowledges that it would release the material if it were requested by federal tax officials. Yet we fail to perceive that strict adherence to this procedural requirement will significantly advance New York's substantive interests. Regardless of who requests the information, the secrecy of grand jury proceedings will reduce the likelihood of broad dissemination of the subpoenaed information and thus protect the taxpayer's privacy. *See* F.R. Cr.P. 6. Moreover, the Supremacy Clause will bar any state law sanctions against department personnel for technical violations of the New York release rules in carrying out the district court's order.

Balanced against New York's interest is the strong and long-recognized federal interest in broad disclosure in grand jury proceedings. *See, e. g., United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Moreover, the United States argues that use of federal tax authorities as a conduit to obtain such information would compromise the autonomy of the grand jury, needlessly jeopardize grand jury secrecy and necessitate a senseless and dilatory bureaucratic step in gathering evidence.

 We need not decide how we would strike the balance if this case came to us on appeal. But we have no difficulty holding that New York's case is not so compelling as to fall within those "extraordinary situations" that warrant mandamus relief. *Kerr v. United States,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

*DISMISSED.*