831 F.2d 290
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re GRAND JURY SUBPOENA.
IN re Grand Jury Subpoena.
UNITED STATES of America, Plaintiff-Appellee,
v.
(UNDER SEAL), Defendant-Appellant.
 No. 87-5503.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 4, 1987.
Decided: Sept. 28, 1987.
 
 Kevin Anthony Dunne (Jerald J. Oppel and Ober, Kaler, Grimes & Shriver on brief) for appellant.
 Anita Johnson, Office of Consumer Litigation, Department of Justice (Richard K. Willard, Assistant Attorney General, on brief) for appellee.
 D.Md.
 AFFIRMED AND REMANDED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore, Edward S. Northrop, Senior District Court Judge. (CR N 86-2126).
 Before WILKINS and WIDENER, Circuit Judges, and FREDERICK NELSON SMALKIN, United States District Judge for the District of Maryland, by designation.
 PER CURIAM:
 
 
 1
 This is an appeal from an order of the District Court denying a renewed motion to quash a grand jury subpoena. The renewed motion was based on an asserted violation of the Fifth Amendment's prohibition against self-incrimination.
 
 
 2
 The subpoenaed corporation is involved in the manufacture, production, and distribution of generic prescription drugs, including veterinary preparations. The founder and president of the company, Mr. X, owns 97 per cent of the stock; the remaining 3 per cent is held by his three children, each of whom holds 1 per cent. The company has a gross income in excess of 50 million dollars annually and employs more than 100 persons. In August, 1985, it and Mr. X were made parties defendant in a civil suit alleging violation of the Federal Food, Drug and Cosmetic Act, which was resolved by a consent decree entered November 4, 1985, calling for conformity on the part of the corporation with good manufacturing practice regulations. In the consent decree, the defendants agreed to maintain a variety of records with regard to the drugs prepared, manufactured, and distributed by the corporation.
 
 
 3
 The subpoena under attack was issued by a Grand Jury of the District of Maryland on June 12, 1986, seeking production of 16 categories of documents relating to production and distribution of certain drug preparations during 1983-1985. These records are routinely maintained records such as receiving records, inventory use records, laboratory test records, etc.
 
 
 4
 The basis upon which the subpoena was attacked in the District Court was a contention by the president of the corporation, Mr. X, that he is entitled to assert a Fifth Amendment privilege with regard both to the corporate documents and to the act of producing them. The District Court held that a collective entity, such as a corporation, may not assert the Fifth Amendment privilege as a bar to a grand jury supboena, even in situations where a sole proprietor might. Bellis v. United States, 417 U.S. 85, 88-89 (1974). Mr. X unsuccessfully argued below that, because he owns practically all the stock of the corporation, it ought to be treated as a sole proprietorship. He also unsuccessfully argued below that subsequent decisions of the Supreme Court, viz., Fisher v. United States, 391 U.S. 412 (1976) and United States v. Doe, 465 U.S. 605 (1984), have undercut the continuing viability of the Bellis doctrine. The District Court rejected both of these arguments, relying upon, inter alia, United States v. Lang, 792 F.2d 1235 (4th Cir.1986). The District Court further held that this case did not present one of the unusual circumstances in which the Fifth Amendment privilege would be available on account of a requirement that the individual produce and authenticate the records himself, which acts are necessarily self-incriminatory. United States v. Lang, 752 F.2d at 1240. The District Court, accordingly, entered an order directing production by the corporation. The District Court has not, however, as yet entered an order of contempt in aid of that order.
 
 
 5
 A threshold question has been raised as to the propriety of our considering this appeal before the entry of a contempt order. See, e.g., In re Grand Jury Subpoena, May 1978 at Baltimore, 596 F.2d 630, 632 (4th Cir.1979). At oral argument, counsel for the Government, while adhering to the view that this appeal is premature before a contempt order has been issued, conceded the better course in this case is to reach the merits of the appeal, in view of the long delay already engendered in the investigation by the two motions to quash in the district court and the current appeal, and in light of the almost absolute certainty of another appeal raising the same substantive issue, should the present appeal not be addressed on the merits.
 
 
 6
 We think that there is sufficient legal authority to consider the appeal on the merits at this time, notwithstanding the absence of a contempt order or the formal intervention of Mr. X as a party. This Court has recognized that a third party may contest a Grand Jury subpoena without an adjudication of contempt where he claims that a privilege he individually holds will be violated by the subpoenaed party's compliance. United States v. Jones, 696 F.2d 1069, 1071 (4th Cir.1982). Although the third party's presence in the case must usually be established by a motion to quash or a motion to intervene, see United States v. Under Seal, 748 F.2d 871, 873 n. 2 (4th Cir.1984), neither of which has been filed by Mr. X in this case, this Court notes that the parties and the district court have consistently treated Mr. X as if he were a party to this litigation, even though he has not formally moved to intervene. In such circumstances, the appellate court may hear the appeal, but should direct, as we now do, the district court to enter an order of intervention nunc pro tunc on remand. See Roach v. Churchman, 457 F.2d 1101, 1104 (8th Cir.1972). This unusual course, justified by the unique facts and circumstances of this case, will allow this Court to address the appeal on the merits, without further, wasteful delay.
 
 
 7
 On the merits, this Court agrees completely with the analysis and conclusions of the District Judge, and it affirms on the basis of his well-reasoned opinion, In re: Grand Jury Subpoena, June 12, 1986, CR No. N 86-2126 (D.Md. Dec. 18, 1986).
 
 
 8
 AFFIRMED AND REMANDED FOR THE ENTRY OF AN ORDER OF INTERVENTION NUNC PRO TUNC.