**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

## No. 13-2112
_____

In re:  NORFOLK SOUTHERN RAILWAY COMPANY,

Petitioner.

_____

## No. 13-2127
_____

GILBERT BYNUM,

Plaintiff-Appellee,

v.

NORFOLK SOUTHERN RAILWAY COMPANY

Defendant–Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Chief District Judge. (2:13-cv-00373-RBS-LRL)

_____

Argued:  May 15, 2014                Decided:  June 23, 2014

_____

Before TRAXLER, Chief Judge, and NIEMEYER and DUNCAN, Circuit Judges.

_____

Appeal dismissed and petition for writ of mandamus denied by published opinion.  Chief Judge Traxler wrote the opinion, in which Judge Niemeyer and Judge Duncan joined.

_____

**ARGUED:** Jonathan Henry Walker, MASON, MASON, WALKER & HEDRICK, PC, Newport News, Virginia, for Appellant. William D. Breit, SERIOUS INJURY LAW CENTER PLLC, Virginia Beach, Virginia, for Appellee. **ON BRIEF:** Christopher R. Hedrick, MASON, MASON, WALKER & HEDRICK, PC, Newport News, Virginia; Danielle M. Kruer, Daniel R. Warman, VENTKER & WARMAN, PLLC, Norfolk, Virginia, for Appellant.

---

TRAXLER, Chief Judge:

Norfolk Southern Railway Company ("Norfolk Southern") appeals a district court order remanding to state court a claim brought against it pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § § 51-60. Norfolk also petitions for a writ of mandamus vacating the district court's order and either dismissing the case or, alternatively, remanding to the district court to address the merits of its federal defense to the FELA claim. We conclude that we lack jurisdiction to review the district court's order on appeal and therefore dismiss the appeal. We also deny mandamus relief.

I.

Gilbert Bynum was employed by Norfolk Southern as a control operator and brakeman at Lamberts Point Coal Terminal. The terminal, which was created for the purpose of loading coal from railroad cars onto ocean-bound vessels, was located on the Elizabeth River in Norfolk, Virginia. It was Bynum's job to release the brakes of loaded coal cars so that the cars would roll downhill into a rotary dumper, which would in turn "rotate the coal car 180 degrees and dump the coal onto conveyors, which move the coal onto [the pier] for deposit into the holds of coal ships." J.A. 43. On November 22, 2010, Bynum was injured when, while walking to recover a radio transmitter, "he tripped and fell on coal dust and debris that had been allowed to accumulate

between and aside the railroad tracks." J.A. 10. Bynum subsequently applied for, and was awarded, federal workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950.

Bynum later filed suit in state court on May 29, 2013, under FELA, which, as is relevant here, provides railway employees with the right to recovery for injury or death caused in whole or in part by the negligence of the railroad's officers, agents, or employees.[1] See 45 U.S.C. § 51; see Hernandez v. Trawler Miss Vertie Mae, Inc., 187 F.3d 432, 436 (4th Cir. 1999). Bynum alleged negligence on the part of Norfolk Southern and sought $30 million in damages.

On July 3, 2013, Norfolk Southern filed a notice of removal to federal court, arguing that Bynum had applied for and received benefits under the LHWCA, that the LHWCA in fact covered his injury, and that the LHWCA barred any recovery under FELA. See Chesapeake & Ohio Ry. Co. v. Schwalb, 493 U.S. 40, 42 (1989). The Railroad contended that whether Bynum's injury was covered by the LHWCA was "'exclusively a federal question which Congress never intended for state courts to resolve.'" J.A. 6 (quoting Shives v. CSX Transp., Inc., 151 F.3d 164, 167

---

[1] FELA provides for concurrent federal and state jurisdiction over FELA claims. See 45 U.S.C. § 56.

4

(4th Cir. 1998)).  On this basis, Norfolk Southern maintained that removal was proper under 28 U.S.C. §§ 1441 and 1446.

On July 15, 2013, Bynum moved to remand the matter to state court.  Bynum cited 33 U.S.C. §§ 919 and 921, which provide that LHWCA claims are adjudicated in the first instance by the Department of Labor ("DOL"), with appeals considered by the Benefits Review Board, and appeals from those decisions considered by the United States Courts of Appeals.  Bynum alleged that the district court lacked "jurisdiction to determine coverage under the LHWCA because Congress has specifically eliminated the jurisdiction of the federal district court concerning the LHWCA."  J.A. 18.  Bynum's motion also asserted that his "claim is not removable pursuant to 28 U.S.C. § 1445(a)" – which bars removal of FELA claims brought in state court[2] – "and [that] it is not removable under 28 U.S.C. § 1441 or § 1446."[3]  J.A. 18.

---

[2]    Section 1445(a) provides that "[a] civil action in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. §§ 51-54, 55-60) may not be removed to any district court of the United States."

[3]    As is relevant here, 28 U.S.C. § 1441(a) provides that

    [e]xcept as otherwise expressly provided by Act of
    Congress, any civil action brought in a State court of
    which the district courts of the United States have
    original jurisdiction, may be removed by the defendant
    or the defendants, to the district court of the United
(Continued)

That same day, July 15, 2013, Norfolk Southern filed a motion in federal district court to dismiss Bynum's complaint, arguing that, although his claim was filed under FELA, his injury actually fell within the scope of the LHWCA's coverage and the LHWCA therefore provided the exclusive remedy for his injury. See 33 U.S.C. § 905(a). On that basis, Norfolk Southern maintained that Bynum's claim should have been filed with the DOL, see 33 U.S.C. § 919, and that both the district court and the state court lacked jurisdiction over the claim.

On July 18, 2013, Bynum filed a response to Norfolk Southern's motion to dismiss. He noted that he did "not concede that the exclusivity provisions of the LHWCA apply in this case." J.A. 55. He argued that 33 U.S.C. § 905(a), applying to suits against employers, would not bar a negligence claim under § 905(b) against a vessel owner in his capacity as owner rather than employer. He also maintained that "[t]he courts have not decided whether a railroad worker may sue his employer under 33 U.S.C. § 905(a) in its railroad capacity, where as in this case, the defendant admits Bynum was retrieving a radio transmitter at the time of his injury." J.A. 55. Bynum noted that his remand

States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Section 1446 outlines the applicable procedure for removal of civil actions.

6

motion remained pending and that the state court would have jurisdiction to resolve the question of whether the exclusivity provisions of the LHWCA barred his FELA claim.

On July 24, 2013, Norfolk Southern responded to Bynum's motion to remand. Conceding that "§ 1445(a) prevents removal of an FELA action filed in state court," Norfolk Southern nonetheless contended that it had "not removed this case to litigate Bynum's FELA claim, but to determine whether that claim is barred" by virtue of the fact that Bynum's injury fell within the scope of LHWCA's coverage. J.A. 59. Norfolk Southern argued that Bynum's injury was covered by the LHWCA under the facts of this case and that the LHWCA therefore provided the exclusive remedy.

The district court granted Bynum's remand motion and denied as moot Norfolk Southern's motion to dismiss. The court noted that 28 U.S.C. § 1441(a) allows removal of any civil action that was brought in state court but which the district court had jurisdiction over "'[e]xcept as otherwise expressly provided by Act of Congress.'" J.A. 90 (emphasis in original). Recognizing that "[s]ection 1445(a) prohibits the removal of a civil action arising under FELA[] which is filed in state court against a railroad," the district court concluded that Bynum's FELA "claim must be remanded to state court." J.A. 90.

7

The district court acknowledged Norfolk Southern's argument that because Bynum "has already received LHWCA benefits, the exclusivity provisions of the LHWCA bar further recovery under FELA." J.A. 91. However, the district court did not determine whether Bynum's injury actually fell within the scope of LHWCA's coverage or whether the LHWCA otherwise barred recovery under FELA. Rather, the district court concluded that the mere facts that Bynum brought his action in state court, that he asserted a claim under FELA (and that he timely moved to remand his action to state court once Norfolk Southern filed a notice of removal) were sufficient to trigger the § 1445(a) removal bar. The court therefore remanded Bynum's claim to state court without considering the merits of Norfolk Southern's motion to dismiss.

Norfolk Southern timely appealed to us, and it also filed a petition for a writ of mandamus requesting us to vacate the district court's order and either dismiss the case or alternatively remand to the district court to address the merits of its federal defense to the FELA claim. We agreed to consider the mandamus petition together with the related appeal, and thus the two cases were consolidated. Bynum subsequently moved to dismiss the appeal as barred by 28 U.S.C. § 1447(d) and to have the mandamus petition denied for the same reason.

II.

8

We first address the question of whether we are authorized to review the merits of the district court's remand order. We conclude that we are not.

### A. Applicable Legal Principles

The removal statute prohibits appellate review of district courts' orders "remanding a case to the State court from which it was removed." 28 U.S.C. § 1447(d). The statute serves to "neutralize 'prolonged litigation on threshold nonmeritorious questions.'" Barlow v. Colgate Palmolive Co., 2014 WL 1689002, at *4 (4th Cir. 2014) (quoting Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 237 (2007)). We have explained that this policy is so strong that § 1447(d) bars our review "even if the remand order is manifestly, inarguably erroneous." Lisenby v. Lear, 674 F.3d 259, 261 (4th Cir. 2012) (internal quotation marks omitted).

Nevertheless, § 1447(d)'s prohibition on appellate review has itself been limited, first in Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 346 (1976). In that case, the Supreme Court held that § 1447(d) only restricts appellate review of remand orders that are "based on grounds in § 1447(c)" and that "invoked the grounds specified therein." E.D. ex rel. Darcy v. Pfizer, Inc., 722 F.3d 574, 579 (4th Cir. 2013) (alteration and internal quotation marks omitted). Section 1447(c) provides in relevant part that "[a] motion to remand the

9

case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Thus, § 1447(c) allows a district court to remand "based on: (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal 'other than lack of subject matter jurisdiction' that was raised by the motion of a party within 30 days after the notice of removal was filed." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (quoting 28 U.S.C. § 1447(c)). And, § 1447(d) generally bars our review of a remand that is ordered on one of these bases. See id.

The § 1447(d) prohibition on appellate review was further limited by this court in Borneman v. United States, 213 F.3d 819, 826 (4th Cir. 2000), wherein we held that district courts did not have authority to remand on a basis generally authorized by § 1447(c) when a more specific statute would prohibit remand. In such a case, § 1447(d) does not bar our review. See id.

Finally, even when § 1447(d) prohibits our review of a remand order itself, the severability exception fashioned by the Supreme Court in City of Waco v. U.S. Fidelity & Guaranty Co., 293 U.S. 140 (1934), can authorize our review of issues collateral to the remand order. See Palmer v. City Nat. Bank of W. Va., 498 F.3d 236, 240 (4th Cir. 2007). However, we

10

"restrict[] the applicability of the Waco exception to purportedly reviewable orders that (1) have a preclusive effect upon the parties in subsequent proceedings and (2) are severable, both logically and factually, from the remand order." Id. The exception does not allow reversal of the remand order itself. See Powerex Corp., 551 U.S. at 236.

Two of our decisions, Shives v. CSX Transportation, Inc., 151 F.3d 164 (4th Cir. 1998), and In re Blackwater Security Consulting, LLC, 460 F.3d 576 (4th Cir. 2006), figure prominently in our analysis of § 1447(d), and we therefore begin by discussing them in some detail.

## B. Shives

In Shives, a railroad employee injured in a work-related accident ("Shives") filed a negligence suit against his employer in state court under FELA and also filed a protective claim with the DOL under the LHWCA. See Shives, 151 F.3d at 166. Contending that Shives was engaged in maritime employment and therefore entitled only to workers compensation under the LHWCA, the employer removed the case to federal district court and moved to dismiss the case to allow Shives's administrative claim to proceed before the DOL. See id. Shives moved to remand the case to state court, arguing that he was not engaged in maritime employment and thus had the right to litigate his negligence claim in state court under FELA. See id. The district court

concluded that Shives's injury was actually not covered by the LHWCA and thus remanded the case to state court. See id. The employer appealed the remand order and also filed a petition for writ of mandamus seeking review of the order. See id.

We began with the question of whether we possessed jurisdiction to consider the merits of the appeal. We determined that the district court had not remanded based on a conclusion that it lacked subject-matter jurisdiction, but instead on the basis that § 1445(a) prohibited removal. See id. at 167. However, we noted that the district court's conclusion that § 1445(a) prohibited removal was in turn based on the court's substantive ruling that Shives's injury fell outside the scope of LHWCA coverage. See id. We expressed some doubt as to whether that ruling was of the type included in § 1447(c). See id. In the end, however, we determined, apparently on the basis of the Waco severability exception to § 1447(d), that whether remand was on a basis included in § 1447(c) was immaterial since the conclusion that the LHWCA did not provide coverage was a "conceptual antecedent" to the court's ruling that § 1445(a) barred removal. Id.; see Blackwater, 460 F.3d at 588. We reasoned that the LHWCA-coverage question was "exclusively a federal question which Congress never intended for state courts to resolve" and that insofar as the basis for the remand order "did not fall precisely under the grounds identified in"

12

§ 1447(c), we could exercise appellate jurisdiction. Shives, 151 F.3d at 167.[4] Alternatively, we concluded that even if our analysis of the appellate jurisdiction issue were incorrect, we would vacate the remand order via mandamus in order "[t]o avoid forfeiting the federal courts' role of reviewing LHWCA coverage issues." Id.

We then addressed the merits of the issue of whether the LHWCA provided coverage, concluding that it did. See id. at 168-71. We further reasoned that "LHWCA coverage is exclusive and preempts Shives from pursuing an FELA claim." Id. at 171.

Having determined that LHWCA covered Shives's injury and that it barred Shives's FELA claim, we were "left with a procedural conundrum" regarding the remedy to be applied. Id. Although the district court had incorrectly determined that the LHWCA did not cover Shives's injury, its determination that removal was improper was nevertheless correct for two reasons: First, § 1445(a) prohibits the removal of FELA cases brought in state court, and second, district courts do not have original jurisdiction over LHWCA cases and § 1441 allows removal only of cases that could have been brought in district court in the first instance. See id. At the same time, the state court

---

[4] Our opinion actually refers to 1445(c) rather than § 1447(c), but that appears to be the result of a typographical error.

13

would not have jurisdiction over Shives's (now recharacterized) claim because state courts do not have jurisdiction over LHWCA claims. See id. We concluded "[i]n the peculiarities of th[at] case," that had the district court correctly analyzed the LHWCA-coverage question and determined that the LHWCA covered Shives's injuries, the proper remedy would have been to simply dismiss the action and allow Shives to proceed through the appropriate administrative process. See id. We noted that dismissing would have allowed the district court to avoid "committing the federal question of LHWCA coverage to the state court when Congress intended that it be decided exclusively in federal court." Id. We therefore vacated the district court's remand order and remanded the case to the district court with instructions to dismiss for lack of subject-matter jurisdiction. See id.

## C. Blackwater

Now we turn to Blackwater. In that case, according to the complaint, several men ("the decedents") entered into independent-contractor service agreements with two companies (collectively, "Blackwater") to provide services supporting Blackwater's contracts with third parties. See Blackwater, 460 F.3d at 580. Blackwater assigned the decedents to provide security for a company that had an agreement to provide various forms of support to a defense contractor that was providing services for the United States Armed Forces in support of its

14

operations in Iraq. See id. According to the complaint, Blackwater had represented to the decedents when they entered into their independent-contractor agreements that certain precautionary measures would be taken, but that in fact those measures were not taken and the decedents were ultimately killed as a result. See id. at 580-81. The administrator of the decedents' estates sued Blackwater as well as the man who had been the decedents' supervisor (hereinafter, collectively, "Blackwater") in North Carolina state court alleging state-law claims for wrongful death and fraud. See id. at 581. Blackwater subsequently removed the action to federal district court, asserting that the Defense Base Act ("DBA"), 42 U.S.C. §§ 1651 – 1654, completely preempted the state-law claims and that the case presented issues concerning unique federal interests that created a federal question.[5] See id. Blackwater then moved the district court to dismiss the action on the basis of lack of subject-matter jurisdiction because the claims were covered by the DBA and thus could be litigated only in the DOL, which has jurisdiction over DBA claims in the first instance. See id.

---

[5] "The DBA is a federal statute that incorporates and extends the [LHWCA] to select forms of employment outside of the United States." Nordan v. Blackwater Sec. Consulting, LLC, 382 F. Supp. 2d 801, 807 (E.D.N.C. 2005), appeal dismissed, mandamus denied by In re Blackwater Sec. Consulting, LLC, 460 F.3d 576 (4th Cir. 2006).

15

The district court determined that it lacked subject-matter jurisdiction over the case, concluding that the DBA did not completely preempt the state-law claims and that Blackwater's assertion of a unique federal interest in the claims was based on the incorrect assumption that the district court had jurisdiction to determine whether the decedents were covered under the DBA. See id. at 581. Based on its conclusion that it lacked subject-matter jurisdiction, the district court remanded the case to state court under § 1447(c). See id. Blackwater had urged the district court to instead remedy the lack of jurisdiction by dismissing the case as barred by the DBA. See id. at 581-82. However, the district court determined that it lacked jurisdiction to decide whether the DBA covered the claims. See id. at 582.

Blackwater appealed the remand order to this court and petitioned for a writ of mandamus. See id. We held that we lacked appellate jurisdiction and we declined to order mandamus relief. See id. In analyzing the appellate-jurisdiction question, we began by noting that the district court had clearly remanded the case on a basis included in § 1447(c) insofar as remand was based on the district court's determination that it lacked subject-matter jurisdiction. See id. at 585; see also id. at 591-92. Accordingly, we concluded that § 1447(d)

16

prohibited us from reviewing the merits of the appeal.  See id. at 585.

We also considered an argument by Blackwater that the Waco severability exception allowed us to review the district court's mootness-based denial of Blackwater's motion to dismiss.  We concluded that the exception did not allow our review because the denial of the motion on mootness grounds had no preclusive effect and because it was not logically and factually severable from the remand order.  See id. at 588-90.  Regarding the preclusive effect, we noted that "[o]ne of the first principles of preclusion . . . is that the precluding order either actually determined the issue sought to be precluded (in the case of issue preclusion) or issued a final judgment on the merits (in the case of claims preclusion)."  Id. at 589 (citing Martin v. American Bancorporation Ret. Plan, 407 F.3d 643, 650, 653 (4th Cir. 2005)).  We also specifically distinguished our severability-exception analysis in Shives on the basis of two differences in procedural posture between the cases.  First, unlike in Shives, wherein we expressed doubt regarding whether the district court had remanded on a basis included in § 1447(c) – and thus whether § 1447(d) applied – the remand in Blackwater was clearly based on lack of subject-matter jurisdiction, which is plainly a ground included in § 1447(c).  See id. at 587-88. Second, the district court in Blackwater did not reach the

17

question of whether the DBA covered the alleged injuries, whereas the district court in Shives did determine that the LHWCA covered the plaintiff injury and that determination was a "conceptual antecedent" to the court's remand decision. See id. at 588.

We also considered whether we had jurisdiction under the Waco severability exception to review the district court's determinations that the DBA did not completely preempt the state-law claims and that no unique federal interest created a federal question that would provide removal jurisdiction. See id. at 590. We concluded that neither ruling could be reviewed under Waco because neither would have any preclusive effect on Blackwater and neither could be disengaged from the remand order. See id.[6]

We next considered whether we could review the remand order via mandamus. Noting that the Supreme Court has interpreted § 1447(d) to prohibit not only appellate review but also review via mandamus, we concluded we were precluded from granting mandamus relief. See id. at 593.

---

[6] Although it is not relevant to the present case, we also declined Blackwater's request to create a new exception to § 1447(d)'s prohibition for cases "undermin[ing] the constitutional sequestration of foreign affairs and war powers within the political branches of the federal government, out of reach of both the federal and the state judiciaries." Blackwater, 460 F.3d at 592.

18

We further determined that there was no tension between the DBA and § 1447(d) of the type that could authorize mandamus relief. See id. at 593-94 (distinguishing Borneman, 213 F.3d at 826). We noted that "the statute 'in tension' with § 1447(d) in Borneman declared that certain state-court actions against federal employees 'shall be removed.'  28 U.S.C. § 2679(d)(2)." Blackwater, 460 F.3d at 593. Accordingly, we observed:

> That statute thus directly and specifically addressed the removability of the relevant class of claims and contained language that channeled the district court's authority to remand in such cases.  This absence of discretion to remand created the tension of which we spoke in Borneman.  By contrast, Blackwater has not identified any portion of the DBA that similarly addresses either the removability to federal district court of state court actions purportedly preempted by the DBA or the district court's peculiar lack of discretion with respect to remand of such cases.

Id. at 593-94 (citation omitted).

We also rejected the notion that the DBA defense presented such "extraordinarily important question[s] of federal law" that mandamus relief would be appropriate to prevent the state court from adjudicating it.  Id. at 594.  In this regard, we noted that neither the Supreme Court's decision in Thermtron nor our prior decisions provided a basis for circumventing 1447(d)'s prohibition in order to avoid having a state court decide a federal issue.  See id. Distinguishing Shives specifically, we noted that Shives "presented the court of appeals with an order in which the district court actually decided . . . as part of

19

its inquiry into the permissibility of removal, whether the LHWCA covered the plaintiff's claims" whereas in Blackwater "we ha[d] no coverage question to review – and rightfully so, as the district court did not need to reach that issue as part of its removal jurisdiction analysis." Id. at 594-95. We also distinguished Shives on the basis that Shives presented "an uncontested factual record" on which to decide the coverage question, whereas in Blackwater, we had only the pleadings to consider. Id. at 594-95. In light of both of these distinctions, we concluded that "mandamus is not only not compelled by Shives but is also particularly inappropriate." Id. at 595.

D. Appellate Review Analysis

Having outlined the applicable legal principles, we now turn to the facts of the case before us. The district court's decision in the present case was based on the simple fact that a FELA claim brought in state court cannot be removed to a federal court, see 28 U.S.C. § 1445(a), a point that Bynum had timely raised in his motion to remand. As we have explained, § 1447(c) authorizes remand based on a "lack[ of] subject matter jurisdiction" and remand based on "any defect other than lack of subject matter jurisdiction" that was raised by a party "within 30 days after the filing of the notice of removal." 28 U.S.C.

20

§ 1447(c).[7]  The § 1445(a) bar does not deprive courts of subject-matter jurisdiction over cases to which it applies.  See Shives, 151 F.3d at 167 (explaining that "the district court could not rule . . . that it was without jurisdiction because federal courts have concurrent jurisdiction over FELA claims").  We are thus faced with the question that we did not answer in Shives, namely whether nonremovability based on § 1445(a) is a "defect other than lack of subject matter jurisdiction" within the meaning of § 1447(c).  We conclude that it is.

The word "defect" is not defined in § 1447 or the associated statutes.  However, the sixth edition of Black's Law Dictionary, which was the edition that was current when § 1447(c) was amended, defines "defect" as "[t]he want or absence of some legal requisite; deficiency; imperfection; insufficiency."  Black's Law Dictionary 418 (6th ed. 1990).  "Defect" is similarly defined in Webster's Third New

---

[7]  Prior to 1996, § 1447(c) provided as follows:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (1995) (emphasis added).  In 1996, the statute was amended to substitute the words "any defect other than lack of subject matter jurisdiction" for "any defect in removal procedure."  Pub. L. No. 104-219, 110 Stat. 3022 (1996).

21

International Dictionary as "want or absence of something necessary for completeness, perfection, or adequacy in form or function." Webster's Third New International Dictionary 591 (1981).

From the context of § 1447, it is apparent "that 'defect' refers to a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441-1453." Kamm v. ITEX Corp., 568 F.3d 752, 755 (9th Cir. 2009); see Cook v. Wikler, 320 F.3d 431, 435 (3d Cir. 2003) (holding that "the plain language of [§ 1447(c)] now applies broadly to include all removals that are not authorized by law" (internal quotation marks omitted)). That scope certainly encompasses § 1445(a). See Albarado v. Southern Pac. Transp. Co., 199 F.3d 762, 766 (5th Cir. 1999) (holding that "remand based upon § 1445(a)'s statutory restriction against removal is a procedural defect under § 1447(c), and the district court's remand order based thereupon is not subject to appellate review"); see also Vasquez v. North Cnty. Transit Dist., 292 F.3d 1049, 1062 (9th Cir. 2002) (holding that nonremovability under 28 U.S.C. § 1445(c), which prohibits removal of civil cases arising under state workmen's compensation law, is a "defect other than lack of subject matter jurisdiction" within the meaning of § 1447(c)); Pierpoint v. Barnes, 94 F.3d 813, 816-21 (2d Cir. 1996) (applying pre-1996-amendment version of 28 U.S.C. § 1447(c) and

22

holding that court of appeals lacked jurisdiction to review remand to state court based on district court's determination that claims brought in state court under the Death on the High Seas Act were not removable).[8]  As such, the § 1447(d) bar applies, and we lack jurisdiction to review the remand order on appeal.[9]

---

[8]    In re Norfolk Southern Railway Co., 592 F.3d 907 (8th Cir. 2010), cited by Norfolk Southern, does little to advance its cause.  In that case, the plaintiff brought a FELA claim in state court.  See id. at 910.  The defendant removed the action based on the contention that the LHWCA covered the injury and barred recovery under the FELA.  See id.  However, the district court concluded that the LHWCA did not cover the plaintiff's injury, and thus that the claim was properly brought under FELA.  See id.  Accordingly, the district court remanded to state court based on the conclusion that § 1445(a) barred removal of the claim.  See id. at 910-11.  The defendant appealed and petitioned for mandamus relief.  See id.  The plaintiff argued that § 1447(d) barred review of the remand order because the order was based on a lack of subject-matter jurisdiction.  See id. at 910.  Concluding that a § 1445(a) defect is not jurisdictional, the Eighth Circuit held that § 1447(d) did not bar appellate review of the remand order.  See id. at 912.  However, the court did not specifically address whether nonremovability under § 1445(a), if timely raised, qualifies as a "defect other than lack of subject matter jurisdiction" within the meaning of § 1447(c).

[9]    For the same reasons that we held that there was no tension-creating statute in Blackwater that would bar the district court from remanding to state court and negate the application of § 1447(d), see 460 F.3d at 593-94 (distinguishing Borneman v. United States, 213 F.3d 819, 826 (4th Cir. 2000)), there is no such tension-creating statute here.  After all, the federal defense asserted by the employer in Blackwater, that the LHWCA provided the exclusive remedy for the plaintiffs' injuries, is the same defense that Norfolk Southern asserts here except for the fact that Blackwater asserted a defense under the DBA, which "extends the [LHWCA] to select forms of employment (Continued)

Although Norfolk Southern relies on Shives in asserting that we possess appellate jurisdiction, Shives does not warrant that conclusion. As we have noted, in Shives we did not decide whether a remand according to § 1445(a) was the type of ruling that § 1447(c) includes. See Shives, 151 F.3d at 167 (explaining that the district court's "ministerial application of § 1445(a) depended on its substantive ruling that Shives was not engaged in maritime employment" and noting that "[t]his determination is probably not of the type of ruling included in 28 U.S.C. § 1447(c)" although "[t]his conclusion . . . is not entirely without doubt").

As we noted in Blackwater, our appellate review in Shives was based on the fact that the district court's decision that the LHWCA covered Shives's injury was a "conceptual antecedent" to the remand order. Blackwater, 460 F.3d at 587, 588 (internal quotation marks omitted). Here, in contrast, the district court did not reach the merits of the coverage question as it denied Norfolk Southern's motion to dismiss on mootness grounds. Thus, for the same reasons we articulated in Blackwater, the Waco severability exception does not allow our review of that ruling. Namely, the district court's dismissal of the motion to dismiss

---

outside of the United States," Nordan, 382 F. Supp. 2d at 807, whereas Norfolk Southern simply asserts an LHWCA defense directly.

24

on mootness grounds had no preclusive effect since the court did not resolve the merits of the issue and there was no final judgment on the merits; nor was the denial of that motion logically and factually severable from the remand order. See id. at 588-90. Furthermore, since our decision in Shives, the Supreme Court has further clarified the scope of the Waco severability exception by holding that it "does not permit an appeal when there is no order separate from the unreviewable remand order." Powerex, 551 U.S. at 236 (emphasis in original)). The fact that there is no such separate order here is yet another reason why the Waco exception does not provide us with jurisdiction over Norfolk Southern's appeal.

### E.   Mandamus Analysis

Because § 1447(d) deprives us of appellate jurisdiction, we also lack authority to grant mandamus relief. Congress's restriction on review of remand orders applies to review "on appeal or otherwise." 28 U.S.C. § 1447(d). "The Supreme Court has interpreted this language to forbid the use of mandamus to circumvent the requirements of § 1447(d)." Blackwater, 460 F.3d at 593 (citing Thermtron, 423 U.S. at 343)); see Borneman, 213 F.3d at 824.

Norfolk Southern asserts that unless we vacate the remand order, a state court will be left to decide the question of whether the LHWCA provides a defense to Bynum's claims. But

25

that is the very circumstance we faced in Blackwater, wherein we held that mandamus relief was not warranted. See 460 F.3d at 592-95. In distinguishing the facts that were before us in that case from those in Shives – wherein we concluded that we could grant mandamus relief regardless of whether § 1447(d) barred review on appeal, see 151 F.3d at 167 – we noted that the fact that the district court in Shives actually decided the question that the LHWCA covered the alleged injury was "a key difference." Blackwater, 460 F.3d at 594. We conclude as well here that with the district court not having reached the merits of Norfolk Southern's LHWCA defense, Shives does not warrant our granting mandamus relief.

Moreover, granting mandamus relief here would also be inappropriate because Norfolk Southern has not made the requisite showing that its "right to the issuance of the writ is clear and indisputable." Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 433 (4th Cir. 2005); see also In re Grand Jury Subpoena, 596 F.2d 630, 632 (4th Cir. 1979) (per curiam) (holding that there was no showing of "a clear and indisputable right" when the issue was "close"). Specifically, Norfolk Southern has not shown that it was clearly entitled to have the district court dismiss Bynum's FELA claim rather than remand it to the state court.

The facts of this case, after all, are quite different than those that were before us in <u>Shives</u>. In <u>Shives</u>, the district court's decision to remand was based on its conclusion that the LHWCA did not cover Shives's injury, <u>see Shives</u>, 151 F.3d at 166, and there is no indication that Shives had disputed that his FELA claim would be barred if the LHWCA covered his injury. On appeal, we concluded that the LHWCA in fact did cover Shives's injury and therefore that his FELA claim was barred. <u>See id.</u> at 168-71. Having determined that Shives actually had no FELA claim, we concluded that remand to state court was not a possibility as "[s]tate courts . . . do not have jurisdiction over LHWCA cases." <u>Id.</u> at 171; <u>see id.</u> ("[W]e are faced with an LHWCA case over which neither the state court nor the district court had jurisdiction."). We also decided against remanding to state court to avoid "committing the federal question of LHWCA coverage to the state court when Congress intended that it be decided exclusively in the federal court." <u>Id.</u>

In this case, neither of these considerations stands in the way of a remand to state court. First, neither the district court nor our court has addressed the LHWCA coverage question;[10]

_____

[10] Norfolk Southern had no clear and undisputable right even to have the district court decide the merits of the LHWCA coverage question. Indeed, in <u>Blackwater</u>, we noted that we "rightfully" had "no coverage question to review" when "the
(Continued)

27

thus, Bynum's FELA claim continues to exist and the state court would have jurisdiction to adjudicate that claim, see 45 U.S.C. § 56. Second, the-scope-of-LHWCA coverage issue on which we were focused in Shives is not even likely to be an issue in the state court on remand because Bynum has already received LHWCA benefits. The primary question remaining will be whether his prior receipt of LHWCA benefits bars his FELA claim. Thus, in the absence of any clear barrier to remanding to state court, it simply cannot be said that Norfolk Southern has a clear and indisputable right not to have the case remanded to state court.

### III.

In sum, we conclude that § 1447(d) bars review of the district court's order by appeal or via mandamus. We also conclude that Norfolk Southern has not established entitlement to mandamus relief because it has not shown a clear and indisputable right to such relief. Accordingly, we dismiss Norfolk Southern's appeal and deny its mandamus petition.

<u>APPEAL DISMISSED AND</u>
<u>PETITION FOR WRIT OF MANDAMUS DENIED</u>

---

district court did not need to reach that issue as part of its removal jurisdiction analysis." 460 F.3d at 595.