[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13132

_____

D.C. Docket No. 1:14-cv-01097-MHS

LASHAUN Y. CARTER,
individually and on behalf of all others similarly
situated who consent to their inclusion in a collective action,

Plaintiff - Appellee,

versus

DOLL HOUSE II, INC.,
a corporation,
d.b.a. Stilettos Gentlemen's Club,
THEO LAMBROS,
an individual,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 25, 2015)

Before JORDAN and DUBINA, Circuit Judges and GOLDBERG,[*] Judge.

PER CURIAM:

Defendants/Appellants Dollhouse, Inc., Stilettos Gentlemen's Club, and Theo Lambros appeal the district court's order denying in part and granting in part their motion to compel arbitration in plaintiffs/appellees Fair Labor Standards Act ("FLSA") complaint.

We first conclude that we have jurisdiction to entertain this appeal because the order is an appealable interlocutory order. *See* 9 U.S.C. § 16(a)(1)(B). We generally apply the *de novo* standard of review to a district court's denial of a motion to compel arbitration. *See Jenkins v. First American Cash Advance of Georgia, LLC.*, 400 F.3d 868, 873 (11th Cir. 2005). This court reviews the district court's factual findings for clear error. *Multi-Fin. Secs. Corp. v. King,* 386 F.3d 1364, 1366 (11th Cir. 2004).

After reviewing the record, reading the parties briefs, and having the benefit of oral argument, we agree with the district court that the October Agreement is enforceable but not retroactive. We base our affirmance of the district court's order regarding the October Agreement on general principles of contract interpretation applicable to all arbitration agreements. The October Agreement

---

[*] Honorable Richard W. Goldberg, United States Judge with the United States Court of International Trade, sitting by designation.

2

clearly refers "only" to "any dispute regarding this contract/agreement."  This arbitration clause is similar to one we examined in *Thomas v. Carnival Corp.,* 573 F.3d 1113, 1116-17 (11th Cir. 2009), *abrogation recognized by Williams v. NCL (Bahamas) Ltd.,* 686 F.3d 1169 (11th Cir. 2012).  In *Thomas*, we  refused to apply retroactively an arbitration clause that provided that "[a]ny and all disputes *arising out of or in connection with this Agreement*, . . . shall be referred to, and finally resolved by arbitration."  *Id*. at 1117.  We concluded that "if the parties had intended retroactivity, they would have explicitly said so."  *Id*. at 1119.  Because there is nothing in the October Agreement regarding retroactivity, we conclude the district court correctly refused to apply the arbitration provision to any claims that arose before October 2013.  Accordingly, we affirm the district court's order as it relates to the October Agreement.

Concerning the April Agreement, it is apparent from the record that the district court made factfindings based on inferences from dates rather than live testimony.  We believe the better course would have been for the district court to conduct an evidentiary hearing, take live testimony and then make findings of fact.  Accordingly, we vacate that part of the district court's order concerning the April Agreement and remand this case for the district court to conduct an evidentiary hearing.

3

AFFIRMED in part, VACATED in part, and REMANDED.